[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-14164
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

Agency No. A98-870-624

SO HON KWEE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(April 20, 2009)

Before BARKETT, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

So Hon Kwee, a native and citizen of Indonesia, seeks review of the Board

of Immigration Appeals's ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum. Kwee sought asylum alleging that she suffered past persecution and has a well-founded fear of future persecution by Indonesia's Muslim majority based upon her status as an ethnic Chinese Christian. The IJ denied her request concluding that she had not established past persecution and also that she failed to show a nexus between her religious beliefs and her fear of future persecution.

When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, the BIA adopted the IJ's decision without a separate opinion, thus we review the IJ's decision.

To the extent that the IJ's decision was based on a legal determination, our review is de novo. Nreka v. U.S. Att'y Gen., 408 F.3d 1361, 1368 (11th Cir. 2005). The IJ's factual determinations are reviewed under the substantial evidence test, and we will affirm the IJ's decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." De Santamaria v. U.S. Att'y Gen., 525 F.3d 999, 1006 (11th Cir. 2008) (quotation omitted). We will not reverse a factual determination unless the records compels a contrary conclusion. Id.

An alien who arrives in or is present in the United States may apply for

2

asylum.  See INA § 208(a)(1), 8 U.S.C. § 1158(a)(1).  To be eligible for asylum, the applicant must prove that she is a "refugee" within the meaning of the INA. INA § 208(b)(1)(A); 8 U.S.C. § 1158(b)(1)(A).  A refugee is defined as:

> any person who is outside any country of such person's nationality or, in the case of a person having no nationality, is outside any country in which such person last habitually resided, and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

INA § 101(a)(42)(A); 8 U.S.C. § 1101(a)(42)(A).  To establish refugee status, the applicant must show, with specific and credible evidence, either past persecution or a "well-founded fear" of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.  8 C.F.R. § 208.13(b); Sanchez Jimenez v. U.S. Att'y Gen., 492 F.3d 1223, 1232 (11th Cir. 2007).  "[A]n applicant can establish eligibility for asylum as long as he can show that the persecution is, at least in part, motivated by a protected ground."  Sanchez Jimenez, 492 F.3d at 1232 (quotation omitted) (emphasis in original); see also 8 U.S.C. §1158(b)(1)(B)(i) (requiring in post-REAL ID Act cases that the claimed protected ground "was or will be at least one central reason for persecuting the applicant").  A showing of past persecution creates a presumption of a

3

well-founded fear of future persecution.  Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1231 (11th Cir. 2005).

If an applicant fails to establish past persecution, he can prove eligibility for asylum by showing (1) a subjectively genuine and objectively reasonable fear of persecution that is (2) on account of a protected ground.  8 C.F.R. § 208.13(b)(2)(i); De Santamaria, 525 F.3d at 1007.  The subjective component can be satisfied by the applicant's credible testimony that she genuinely fears persecution.  De Santamaria, 525 F.3d at 1007.  The objective prong can be satisfied by establishing that the applicant has a good reason to fear future persecution.  Id.

Upon review of the record, we conclude that Kwee has not shown that the incidents which she alleges constitute past persecution, e.g. being in a group of people who were pulled off of public transportation by Muslims, being run out of her pastor's home, and receiving threatening phone calls, were "on account of" her religious beliefs or ethnicity.  As to the phone calls and the incident at her pastor's house, she was unable to identify who the perpetrators were or why they targeted her.  Kwee also testified that Muslims tried to prevent her neighbors from using public transportation, but this applied to both Christians and Muslims.  Thus, even were we to conclude that these incidents constitute past persecution, which we

4

need not do, Kwee has not presented evidence linking them to a protected ground. Likewise, we conclude that she has not shown a well-founded fear of future persecution on account of her religious beliefs.

**PETITION DENIED.**